IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY D. WILSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-2465-L |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Johnny D. Wilson, appearing *pro se*, has filed an application for a writ of mandamus or a writ of *audita querela* pursuant to 28 U.S.C. § 1651. For the reasons stated herein, the application should be treated as a motion to correct, vacate, or set aside sentence and dismissed as successive.

I.

Petitioner was convicted by a jury of: (1) conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. § 846; and (2) three counts of distributing crack cocaine within 1,000 feet of a public school in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), 841(b)(1)(c) & 860(a). Punishment was assessed at 262 months confinement followed by supervised release for a period of eight years. His conviction and sentence were affirmed on direct appeal. *United States v. Wilson*, No. 96-10379, 109 F.3d 767 (5th Cir. Feb. 24, 1997), *cert. denied*, 118 S.Ct. 219 (1997). Petitioner also filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255 and an appliction for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The section 2255 motion was denied on the merits. *United States v. Wilson*, No. 3-98-CV-1747-X (N.D. Tex. Dec.

3, 1999), *COA denied*, No. 00-10118 (5th Cir. Sept. 1, 2000). The section 2241 writ was construed as a section 2255 motion and dismissed as successive. *Wilson v. Payne*, No. 1-01-CV-119-C (N.D. Tex. Dec. 5, 2001).

Petitioner now seeks relief under the All Writs Act, 28 U.S.C. § 1651, on the ground that his sentence was improperly enhanced based on facts not alleged in the indictment or proved to a jury beyond a reasonable doubt as required by *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d. 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

II.

The court initially observes that petitioner may challenge his conviction and sentence only in a section 2255 motion. *See Clark v. United States*, No. 04-10269, 112 Fed. Appx. 368 (5th Cir. Nov. 9, 2004) (writ of *audita querela* not available to circumvent prohibition against filing successive section 2255 motions); *United States v. Jefferson*, No. 03-30874, 95 Fed. Appx. 544 (5th Cir. Apr. 21, 2004), *cert. denied*, 125 S.Ct. 638 (2004) (writ of mandamus attacking errors that occurred at trial or sentencing properly construed as a successive section 2255 motion); *see also United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993); *United States v. Moreno*, No. C-01-325, 2005 WL 1650987 at *1-2 (S.D. Tex. Jul. 12, 2005). Because petitioner already has sought post-conviction relief, the court must determine whether he can bring this action without prior approval from the court of appeals.

III.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A

defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Petitioner must obtain such an order before another motion for post-conviction relief is filed.

## **RECOMMENDATION**

Petitioner's application for a writ of mandamus or a writ of *audita querela* should be treated as a motion to correct, vacate, or set aside sentence and dismissed without prejudice pending authorization from the court of appeals to file a successive motion in district court.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  January 9, 2006.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE