Case 3:05-CV-02465-L   Document 5   Filed 02/07/06   Page 1 of 3   PageID 58

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 7 2006

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHNNY D. WILSON, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 3:05-CV-2465-L |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## ORDER

Before the court is Johnny D. Wilson's ("Wilson" or "Petitioner") Petition for All Writs Act Pursuant to 28 U.S.C. § 1651 By a Prisoner in Federal Custody, filed December 16, 2005. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On January 9, 2006, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. Wilson filed Petitioner's Reply to the Magistrate's Decision to Movant's 28 U.S.C. § 1651 Motion ("Objection") on January 20, 2006.

Petitioner was convicted of conspiracy to distribute 50 grams or more of crack cocaine, and three counts of distributing crack cocaine within 1,000 feet of a public school. Punishment was assessed at 262 months confinement. His conviction and sentence were affirmed on direct appeal. Petitioner filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S. C. § 2255, and an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The motion to correct,

Order – Page 1

vacate, or set aside his sentence was denied on the merits.[1] Petitioner's application for writ of habeas corpus was construed as a Section 2255 motion and was dismissed as successive.[2] Here, Petitioner contends that: (1) his due process rights were violated with the imposition of a sentence using extra verdict enhancements to reach a mandatory guidelines result that was binding on the sentencing judge; and (2) his Sixth Amendment right to be sentenced only on facts found by a jury was violated when he was sentenced under the constitutionally infirmed preponderance standard resulting in structural error. Petition at 14.

The magistrate judge determined that Petitioner' petition should be construed as a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255. As such, the magistrate judge recommended that the motion be dismissed without prejudice pending authorization from the court of appeals for Petitioner to file a successive motion for post-conviction relief.[3] Report at 3. Petitioner objects to the Report, contending that AEDPA creates a "legislatively enacted suspension of the Writ of Habeas Corpus, in violation of Article I, § 9, Clause 2, and deprivation of Petitioner's substantive right to Access to the Courts, Article IV, § 2, Clause 1." Objections at 2.

After making an independent review of the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, and having considered Petitioner's objection

---

[1] *United States v. Wilson*, No. 3:98-CV-1747-X (N.D. Tex. Dec. 3, 1999), *COA denied*, No. 00-10118 (5th Cir. Sept. 1, 2000).

[2] *Wilson v. Payne*, No. 1:01-CV-119-C (N.D. Tex. Dec. 5, 2001).

[3] Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner's second or successive motion for post-conviction relief must be based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2244, 2255.

thereto, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. Accordingly, the court **overrules** Wilson's Objections; **denies** Wilson's Petition for All Writs Act Pursuant to 28 U.S.C. § 1651 By a Prisoner in Federal Custody; and **dismisses this action without prejudice**.

**It is so ordered** this 7th day of February, 2006.

Sam A. Lindsay
United States District Judge

**Order – Page 3**